UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas,<br><br>            Petitioner,<br><br>v.<br><br>State of South Carolina,<br>City of Columbia South Carolina,<br><br>           Respondents.<br>_____ | C/A No. 8:20-cv-00800-TLW-JDA<br><br>**REPORT AND RECOMMENDATION** |

Marie Assa'ad-Faltas ("Petitioner"), proceeding pro se and in forma pauperis, brings this habeas corpus action purportedly under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., the undersigned Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the District Judge. For the reasons that follow, the Petition is subject to summary dismissal.

## **BACKGROUND**

Petitioner is a "frequent filer," having filed nearly four dozen cases in this Court, numerous appeals with the Fourth Circuit Court of Appeals, and dozens of cases in the South Carolina state courts and other federal district courts. The Court takes judicial notice of the records in Petitioner's many other cases. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Most of Petitioner's cases have been summarily dismissed, with one

court noting that her "complaint is frivolous and malicious, fails to state a claim, and is part of a pattern of vexatious litigation filed by the plaintiff."  *Assa'ad-Faltas v. Carter*, No. 1:14-cv-678, 2014 WL 5361342, at *1 (M.D.N.C. Oct. 21, 2014), *aff'd*, 610 F. App'x 245 (4th Cir. 2015).

Petitioner commenced this action on February 21, 2020, by filing a typed, single-space, twenty-five-page Petition for federal habeas relief.  [Doc. 1.]  Upon review, the undersigned concludes that the filing is a Petition for a writ of habeas corpus under 28 U.S.C. § 2254.  While Petitioner makes many rambling allegations and arguments in her Petition, the Court recites only the following pertinent allegations.  Petitioner seeks federal habeas relief

> from one 11 April 2013 Conviction of "Unlawful Acts" and 25 April 2013 Denial of New Trial on said Conviction, all in Columbia's Municipal Court ("CMC") from which the State of South Carolina has discriminatorily Denied Petitioner her Right to Appeal and discriminatorily Denied Petitioner her Right to Conduct her State Collateral Proceedings pro se.

[*Id*. at 1 (emphasis omitted).]  For her relief, Petitioner asks the Court to "grant the writ and reverse the conviction with prejudice."  [*Id*. at 25.]  Finally, Petitioner alleges that

> [w]hile at the moment of filing this application, [Petitioner] is not in custody, her sentence is so short as to be capable of repetition yet evading review but so long as to risk her life at her age.  Therefore, at the very least, this application should be granted and stayed to be immediately reactivated in case [Petitioner] is taken into custody.

[*Id*. at 1.]

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case.  The review was conducted

pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Petitioner filed this action in forma pauperis under 28 U.S.C. § 1915. This statute authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Further, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012). Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Because Petitioner is a pro se litigant, her pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). However, even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## **DISCUSSION**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of her custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Here, Petitioner challenges a state criminal conviction, seeking habeas relief under 28 U.S.C. § 2254. Pursuant to § 2254, a writ of habeas corpus is available only if a prisoner demonstrates that she is "*in custody* in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. 2254(a) (emphasis added), which means the habeas petitioner must be "in custody" under the conviction or sentence under attack at the time the petition is filed, *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Because a prisoner can utilize habeas corpus proceedings only if she is challenging the fact or duration of her present confinement, *Preiser*, 411 U.S. at 489, "[f]ederal courts lack jurisdiction to consider a habeas petition challenging a sentence which has fully expired at the time the petition is filed," *Hardy v. Warden*, No. 6:06-cv-1796-HMH-WMC, 2006 WL 2996107, at *3 (D.S.C. Oct. 19, 2006).

Here, the undersigned concludes this Court lacks jurisdiction over the Petition because Petitioner is no longer in custody for the state-court conviction she challenges. As noted, Petitioner challenges a state-court conviction from April 2013. However, Petitioner concedes that she is no longer serving a sentence for that state-court conviction. Because Petitioner's state-court sentence on her conviction expired long before she filed this Petition, she is not in custody under the conviction she attacks. Therefore, this Court

lacks subject matter jurisdiction.[1] *See Fields v. Cartledge*, No. 0:16-cv-2463-TMC, 2017 WL 3140910, at *3 (D.S.C. July 25, 2017).

## RECOMMENDATION

Accordingly, it is recommended that this action be DISMISSED without requiring the Respondent to file an answer or return. It is further recommended that Petitioner's motion [Doc. 3] for preliminary injunction be found as moot. Finally, it is recommended that Petitioner's motion [Doc. 3] for reassignment of this case be DENIED for the reasons explained in *Assa'ad-Faltas v. City of Columbia*, No. 3:13-cv-2715-TLW, 2014 WL 12526336, at *1 (D.S.C. June 26, 2014) ("Plaintiff has shown no bias, prejudice, or relationship that would require recusal.") and *Assa'ad-Faltas v. Univ. of S.C.*, 788 F. App'x 911, 912 (4th Cir. 2019) (affirming district court order denying her motion to reassign).

**IT IS SO RECOMMENDED**.

s/Jacquelyn D. Austin
United States Magistrate Judge

February 25, 2020
Greenville, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

---

[1] The undersigned notes that this Court has previously reached this same conclusion numerous times in Petitioner's many attempts to challenge her state-court convictions through federal habeas relief. *See* case numbers 1:15-cv-0047, 1:15-cv-0046, 1:15-cv-0045, 1:15-cv-0044, 1:14-cv-4811, 1:12-2294, and 1:12-cv-2228.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).