IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marie Assa'ad-Faltas,<br><br>    PETITIONER,<br><br>  v.<br><br>State of South Carolina,<br>City of Columbia South Carolina,<br><br>    RESPONDENTS. | Civil Action No. 8:20-cv-00800-TLW<br><br><br>**Order** |

Petitioner Marie Assa'ad-Faltas, proceeding pro se and in forma pauperis, brings this habeas corpus action under 28 U.S.C. § 2254, challenging a 2013 conviction in the Columbia Municipal Court for violating various city ordinances. ECF No. 1 at 1. This matter now comes before the Court for review of the Report and Recommendation (Report) filed by United States Magistrate Judge Jacquelyn D. Austin. ECF No. 9. Petitioner filed objections to the Report.[1] ECF No. 12. The matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not

---

[1] The Petitioner also moved for a sixty-day extension to file more detailed objections. ECF No. 13. As it has now been more than sixty days since Petitioner's motion, the motion is dismissed as **MOOT**.

1

> required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In the Report, the Magistrate Judge recommends that the petition for habeas relief be dismissed. The Magistrate Judge reasons that "[p]ursuant to § 2254, a writ of habeas corpus is available only if a prisoner demonstrates that she is 'in custody in violation of the Constitution or laws or treaties of the United States.'" ECF No. 9 at 4 (citing 28 U.S.C. 2254(a)).

In addition to the reasoning offered by the Magistrate Judge, the Court concludes that the Petitioner has not exhausted her state court remedies. A habeas petitioner may not obtain relief in federal court unless she has exhausted her state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present [her] claim to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds by Miller-El v. Dretke*, 545 U.S. 231 (2005). As Petitioner currently has pending a motion for rehearing to the South Carolina Supreme Court, she has not exhausted her state court remedies.

In light of the standard set forth in *Wallace*, the Court has reviewed the Report, the objections, and relevant filings. The Court has reviewed the pending Motion to Reassign. ECF No. 3. The Petitioner has shown no bias, prejudice, or relationship that would require recusal. Accordingly, the Petitioner's Motion to Reassign, ECF No. 3, is **DENIED.** After careful consideration, the Court concludes that Petitioner's objections offer no showing, either

2

factually or legally that the Report should be rejected. Therefore, **IT IS ORDERED** that the Report, ECF No. 9, is **ACCEPTED**, and the Objections to the Report, ECF No. 12, are **OVERRULED**. Petitioner's case is **DISMISSED**.[2]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that she "has made a substantial showing of the denial of a constitutional right." The Court concludes that she has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that she may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

      _s/Terry L. Wooten_
Senior United States District Judge

May 1, 2020
Columbia, South Carolina

---

[2] Additionally, Petitioner's Motion for Preliminary Injunction, ECF No. 3, and Motion for Leave to File and Receive Electronically, ECF No. 11, are dismissed as **MOOT**.